IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN RT SEGURA,

      Plaintiff,

v.                                                 No. 24-cv-849 SMD/KRS

EDDY COUNTY DETENTION CENTER,

      Defendant.

### ORDER OF DISMISSAL

This matter is before the Court on Petitioner Martin RT Segura's failure to cure deficiencies as directed in this habeas proceeding.   Petitioner was incarcerated when the case was filed and is proceeding *pro se*.   Petitioner initiated this case by filing a Letter-Pleading regarding his detention at the Eddy County Detention Center.   (Doc. 1).   By an Order entered May 21, 2025, the Court explained that if Petitioner wishes to challenge the constitutionality of his pretrial detention, he may do so by filing a habeas corpus petition under 28 U.S.C. § 2241.   (Doc. 5).   The Court further directed Petitioner to either file a motion to proceed *in forma pauperis* or, alternatively, pay the $5 habeas filing fee.   *Id.*   The Order warned that failure to timely comply with both directives may result in dismissal of this case.   On May 22, 2025, the Clerk's Office sent Petitioner a blank § 2241 habeas petition and a blank motion to proceed *in forma pauperis*.

The deadline to return the habeas petition and address the filing fee was June 20, 2025. Petitioner did not comply, show cause for such failure, or otherwise respond to the Order, which was returned as undeliverable.   (Doc. 6).   Petitioner has also not provided an updated address as required by D.N.M. Local Civil Rule 83.6.   Accordingly, the Court will dismiss Petitioner's Letter

Pleading (Doc. 1) under Fed. R. Civ. P. 41(b) for "failure to prosecute or comply with the [ ] court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  This dismissal is without prejudice to refiling.  To the extent necessary, the Court will deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to prosecute this case is not reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to obtain COA, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment . . . debatable or wrong"); *DeAtley v. Williams*, 782 F. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41(b)).

IT IS ORDERED that Petitioner Martin RT Segura's Letter Pleading (**Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing this civil habeas case.

_____
UNITED STATES DISTRICT JUDGE